MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

   450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

FILED
2011 NOV -9  AM 11:45
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 11 0781 WHA |
|---|---|
| Plaintiff, | ) [~~PROPOSED~~] ORDER OF DETENTION |
| v. | ) |
| JOHN WESLEY SOUTHARD, III, | ) |
| Defendant. | ) |

On October 20, 2011, defendant John Wesley Southard III ("defendant") was indicted for Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Defendant was initially presented and arraigned on October 28, 2011. Pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), the United States moved for defendant's detention as a risk of flight and danger to the community.

On November 2, 2011, a detention hearing was held before the Honorable Joseph C. Spero, United States Magistrate Judge. Defendant was present in custody and represented by Assistant Federal Public Defender Ronald Tyler. The United States was represented by Assistant United

Order of Detention
U.S. v. John Wesley Southard III,
CR 11 0781WHA

States Attorney Deborah R. Douglas. The parties proffered and argued their respective positions on the issue of detention.

Upon consideration of the facts, proffers, and arguments presented, and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. The Court also finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

The full facts are set forth on the record of the detention hearing which include, but are not limited to, the following: Defendant has an active felony warrant in the State of Colorado, and a history of committing additional crimes while on probation or parole. Defendant's extensive history includes multiple convictions for obstructing and resisting police officers, including felony convictions for Obstructing and Resisting Executive Officers (California PC § 69), which makes it a crime to "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty." Defendant also has a felony conviction for Evade Peace Officer: Disregard Safety (California VC § 2800.2). *See Sykes v. United States*, 131 S.Ct. 2267 (2011) (intentional vehicular flight from an officer's command to stop is a "violent felony" because, categorically, vehicular flight "presents a serious potential risk of physical injury to another"). Defendant has additional felony convictions for Sell/Furnish/etc. Marijuana/Hash (California H&S Code § 11360[a]) and Possession of Narcotics/Controlled Substance (California H&S Code § 11350[a]). Defendant's misdemeanor convictions include multiple counts of Obstructs/Resists Public Officer (California PC § 148) as well as convictions for Escape/Attempted Escape with Force (California PC § 836.6), Carry Loaded Firearm in Public Place (California PC § 12031), Possess Controlled Substance (California PC § 11377[a]), Possess Controlled Substance Paraphernalia (California PC § 11364), Possess/etc. Burglary Tools (California PC § 466), and Driving while License Suspended for DUI (California VC § 14601.2) (*see also* Pretrial Services Report). Based upon police reports, the government proffered that

Order of Detention
U.S. v. John Wesley Southard III,
CR 11 0781 WHA                                        2

1  defendant has a history of taking extreme measures to flee and escape from the police, including
2  recklessly endangering the public during vehicular flight.
3      Regarding the instant offense, the government proffered the circumstances of defendant's
4  state arrest on July 27, 2011 in which a loaded rifle and two baggies of marijuana were recovered
5  from defendant's vehicle and a flip-style knife with a blade over 2 inches long was found on
6  defendant's person. The government proffered that defendant threatened the arresting officers and
7  their families, including a sexual threat against the officers' wives. The government proffered that,
8  on July 27, 2011, defendant was on parole based upon a probation violation in which he was
9  sentenced to three years in prison on or about January 8, 2009. The government further proffered
10 that, during the execution of a federal search warrant at defendant's residence on October 26, 2011
11 (one week before the detention hearing), approximately six pounds of marijuana were seized. The
12 government's proffer also included, *inter alia*, that, at the time of defendant's federal arrest on
13 October 26, 2011, defendant made various statements, including with respect to his threats to
14 officers.
15     Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
16 (1) the defendant be, and hereby is, committed to the custody of the Attorney General for
17 confinement in a corrections facility separate, to the extent practicable, from persons
18 awaiting or serving sentences or being held in custody pending appeal;
19 (2) the defendant be afforded reasonable opportunity for private consultation with his
20 counsel; and
21 (3) on order of a court of the United States or on request of an attorney for the government,
22 the person in charge of the corrections facility in which the defendant is confined shall
23 //
24 //
25 //
26 //
27 //
28

Order of Detention
U.S. v. John Wesley Southard III,
CR 11 0781WHA          3

deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: November __, 2011

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge

Order of Detention
U.S. v. John Wesley Southard III,
CR 11 0781WHA                                4